IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIE JAY RAY, | ) | Case No.: 4:25-cv-161-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BEACH COVE RESORT; TIM MOSS; | ) | |
| and SABRINA HILLARD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This employment-discrimination action is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina (DE 58.)[1] Plaintiff alleges race discrimination based on unequal terms and conditions of his employment. (DE 1.) Defendants Beach Cove Resort, Tim Moss, and Sabrina Hillard ("Defendants") move under Rule 12(b)(6) to dismiss the entire Complaint. (DE 53.) The Report recommends that the motion be granted. (DE 58.) Plaintiff has not filed objections.

Having carefully reviewed the Report, the record, and applicable law, the Court adopts the Report and grants Defendants' Motion to Dismiss the Complaint. (DE 58.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## A.    Factual Background

The Report sets forth the relevant facts and legal standards which the Court incorporates without a complete recitation. The Court provides this summary as a brief background.

The Complaint does not include any details of any specific acts of discrimination. (DE 58; DE 1.) However, the questionnaire and accompanying documents attached to the Complaint provide some factual details. (*Id*.) Willie Jay Ray ("Ray") was an employee of Beach Cove Resort ("Beach Cove"). Ray alleges he was fired by Beach Cove Resort on September 1, 2023. (DE 58.) Ray also alleged that he was intimidated in 2022–2023 and "harassed-not sexually" in 2022–2023. (DE 58; DE 1-1 at 5.) Ray indicates that he was denied a promotion in 2023, and that a "white employee named Eddie" received the position. (*Id*.) He also states that he was accused of stealing a brisket from Beach Cove. (DE 1-1 at 12, 24.) Ray filed a civil rights complaint form with the Department of Justice on November 3, 2024. (DE 1-1 at 8–9.) Ray also filed a complaint with the Equal Employment Opportunity Commission ("EEOC"); the EEOC later dismissed the complaint, making no finding on the merits of any of the claims brought by Ray. (DE 1-1 at 45–47.)

## B.    Procedural Background

Plaintiff initiated this action by filing the Complaint on January 8, 2025. (DE 1.) On May 9, 2025, Defendants moved to dismiss the action pursuant to Rule 12(b)(6), asserting that Plaintiff failed to state a claim for which relief can be granted for the entire Complaint and that Defendants Moss and Hillard are not liable under Title

VII as they are not "employers" under the Act. (DE 34-1.) Plaintiff filed a response on June 9, 2025. (DE 42.) Defendant then filed a reply on June 13, 2025. (DE 45.) The court noted a clerical docketing error, prompting the regeneration of Plaintiff's Complaint and its accompanying documents. The court then dismissed without prejudice Defendants' original Motion, and Defendants refiled their present Motion before the court on November 6, 2025. (DE 53.)

**C.    Report and Recommendation**

On February 11, 2026, the Magistrate Judge issued the Report recommending that Defendants' Motion to Dismiss be granted. The Report concluded that Plaintiff failed to state a plausible Title VII claim and also concluded that Defendants Moss and Hillard cannot be held individually liable under Title VII.[2] (DE 58.)

First, the Report finds that Plaintiff's initial Complaint fails under Rule 12(b)(6) because, even when considered together with the questionnaire and other materials attached to the Complaint, it does not allege facts sufficient to state a plausible discrimination claim.. (DE 58 at 10–12.) The Report reasons that although Plaintiff is proceeding pro se and is thus held to a less stringent pleading standard, the court may not act as his advocate and construct legal arguments for him. (*Id*. at 4.) The Report further states that the additional facts provided by Plaintiff in his Response to the Motion to Dismiss are not properly before the court and should not

---

[2]    The Magistrate recommended that the Complaint be dismissed with prejudice as to Defendants Moss and Hillard. To the extent that Plaintiff could be afforded the opportunity to submit an amended Complaint against Beach Cove Resort, the Magistrate recommended that the Complaint be dismissed without prejudice.

be considered. (*Id.* at 8.) Plaintiff cannot amend his Complaint by providing additional factual allegations in opposing the motion. (*Id.*)

Second, the Report finds that the claims brought against Defendants Moss and Hillard should be dismissed with prejudice as no viable claims have or could be brought against them under Title VII. (*Id.* at 9–10.) The Report finds that neither of them are "employers" under Title VII and that Title VII does not provide for individual-capacity liability. (*Id.* at 10.)

And lastly, the Report recommends that Defendant Beach Cove Resort's Motion to Dismiss under 12(b)(6) should be granted. The Report further states that, to the extent the district judge finds it appropriate to permit Plaintiff an opportunity to amend, dismissal as to Beach Cove Resort should be without prejudice. (*Id.* at 11–12.) The Report states that Plaintiff has not set out plausible facts to support his claim, nor has he included any information as to the reason he believes his termination was based on his race or color or what the position was that he sought but did not receive. (*Id.*)

### D.    Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district

4

judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## E.    Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff does not make any specific objections on which this Court may focus its attention. *See Diamond*, 416 F.3d at 315. In the absence of a specific objection, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

## F.    Conclusion

After a thorough review of the Report and Recommendation and the applicable law, the Court adopts the Report (DE 58). Defendant's Motion to Dismiss (DE 53) is GRANTED.

IT IS, THEREFORE, ORDERED that the Title VII claims against Defendants Moss and Hillard are DISMISSED WITH PREJUDICE.[3]

IT IS FURTHER ORDERED that the Title VII claims against Defendant Beach Cove Resort are DISMISSED WITHOUT PREJUDICE.

---

[3]    The dismissal with prejudice applies only to the claims against Defendants Moss and Hillard because Title VII does not provide for individual-capacity liability against them.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 23, 2026